IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

RUFARO CHRISTOPHER SMITH,      *

    Plaintiff,               *

vs.                       *      CASE NO. 3:13-CV-12 (CDL)

CITY OF HARTWELL, *et al.*,     *

    Defendant.            *

O R D E R

Plaintiff Rufaro Christopher Smith ("Smith") was arrested and prosecuted for armed robbery. Smith alleges that Defendant James Carmichael ("Carmichael"), an assistant district attorney for Hart County, Georgia, knowingly presented false information regarding the robbery to a grand jury and at trial. Smith seeks to recover from Carmichael under 42 U.S.C. § 1983 ("§ 1983") and under state law theories of malicious prosecution and intentional infliction of emotional distress. Carmichael argues that he is entitled to immunity on all of Smith's claims against him. Taking Smith's allegations as true as the Court must at this stage in the proceedings, *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008), the Court finds that Carmichael is entitled to absolute immunity on all of Smith's claims against him. Carmichael's Motion for Judgment on the Pleadings (ECF No. 6) is therefore granted.

"In § 1983 actions, prosecutors have absolute immunity for all activities that are 'intimately associated with the judicial phase of the criminal process.'" *Rehberg v. Paulk*, 611 F.3d 828, 837 (11th Cir. 2010) (quoting *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009)).  "A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."  *Id.* at 838 (internal quotation marks omitted). Therefore, "[p]rosecutors are immune for appearances in judicial proceedings, including prosecutorial conduct before grand juries, statements made during trial, examination of witnesses, and presentation of evidence in support of a search warrant during a probable cause hearing."  *Id.*  at 837-38 Prosecutors are also entitled to absolute immunity for acts undertaken "in preparing for the initiation of judicial proceedings or for trial."  *Id.* at 838; *see also Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1279-80 (11th Cir. 2002) (holding that prosecutor who was alleged to have "knowingly proffered perjured testimony and fabricated exhibits at trial" was entitled to absolute immunity).   Here, Smith alleges that Carmichael knowingly presented false evidence to a grand jury and at trial.  These allegations stem from Carmichael's function as an advocate in preparing for the initiation of judicial proceedings, presenting evidence to a grand jury, and presenting evidence at trial.

2

Accordingly, Carmichael is entitled to absolute immunity on Smith's § 1983 claim.

Carmichael is also entitled to immunity on Smith's state law claims. Under the Georgia Constitution, "District attorneys shall enjoy immunity from private suit for actions arising from the performance of their duties." Ga. Const. Art. VI, Sec. VIII, Para. I(e). Therefore, prosecutors are entitled to absolute immunity for acts that are "intimately associated with the judicial phase of the criminal process." *Mosier v. State Bd. of Pardons & Paroles*, 213 Ga. App. 545, 546, 445 S.E.2d 535, 537 (1994) (internal quotation marks omitted). Because all of Smith's state law claims against Carmichael are based on Carmichael's acts as a prosecutor, Carmichael is entitled to immunity on Smith's state law claims.

CONCLUSION

For the reasons set forth above, Carmichael's Motion for Judgment on the Pleadings (ECF No. 6) is granted. The stay of discovery entered on April 3, 2013 is hereby lifted.

IT IS SO ORDERED, this 8th day of April, 2013.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE